IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2169-FL

| | | |
|---|---|---|
| JOHNATHAN SEYMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH B. HALL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 5). Petitioner timely responded in opposition, and the issues raised now are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF CASE

Petitioner, a state inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 9, 2006, petitioner pleaded guilty in the Cumberland County Superior Court to second-degree murder and was sentenced to a term of one hundred eighty-nine (189) to two hundred thirty-six (236) months imprisonment. Petitioner did not file a direct appeal.

On March 30, 2009, petitioner filed a pro se motion for appropriate relief ("MAR")[1] in the Cumberland County Superior Court, which was summarily denied on July 20, 2009. Petitioner then

---

[1] Petitioner's MAR was filed on April 4, 2009, but it is dated March 30, 2009. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his MAR as March 30, 2009. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

filed a *pro se* certiorari petition in the North Carolina Court of Appeals on August 24, 2009. Petitioner's certiorari petition was denied on September 3, 2009. On October 30, 2009, petitioner filed a *pro se* "Motion for Rehearing Enbanc" in the North Carolina Court of Appeals which was denied on November 12, 2009. On January 20, 2010, petitioner filed a pro se petition for a writ of certiorari in the North Carolina Supreme Court on March 11, 2010. Petitioner's certiorari petition was dismissed on March 11, 2010.

On July 29, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated when the MAR court refused to apply the United States Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296 (2004), to overturn his aggravated sentence. Petitioner also argues that the MAR court violated his Due Process rights because it failed to appropriately address the merits of his claim.

On August 18, 2010, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. Alternatively, respondent argues that the petition was filed outside of the statute of limitations and therefore is time-barred. Petitioner filed a response on September 29, 2010.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates where the claims have been adjudicated on the merits in the state court is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2).

A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id.

The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.  Analysis

1.  Blakely Claim

In his first claim, petitioner asserts that his rights were violated because the MAR court refused to apply the United States Supreme Court's decision in Blakely v. Washington, in which the court held that the facts increasing a sentence beyond the statutory maximum must be found by a jury, see 542 U.S. at 303-04, to overturn his aggravated sentence. Petitioner raised this claim in his MAR in the Cumberland County Superior Court. The Superior Court adjudicated the claim and summarily denied it on its merits.

In North Carolina, the sentencing court has the discretion to determine whether a defendant will be sentenced to a term of imprisonment from the mitigated, presumptive, or aggravated range. See N.C. Gen. Stat. § 15A-1340.13(c) and (e); State v. Bright, 135 N.C. App. 381, 382 (1999). When a court exercises its discretion to deviate from the presumptive range, it must make written findings of aggravation or mitigation, and weigh the aggravating or mitigating factors to determine the defendant's sentence. Id.; N.C. Gen. Stat. § 15A-1340.16(b) and (c).

4

Petitioner pleaded guilty to second-degree murder, a Class B2 felony. See N.C. Gen. Stat. § 14-17 (2006). He was determined to have a prior record level of II. Under the law in effect at the time of his sentencing, the presumptive range for his sentence was a minimum term of one hundred and fifty-one (151) to one hundred eighty-nine (189) months imprisonment. Id. § 15A-1340.17(c). The aggravated term was a minimum term of one hundred eighty-nine (189) to two hundred and thirty-seven (237) months imprisonment. Id. The maximum term of imprisonment is keyed off of the minimum term, and is two hundred and thirty-six (236) months when the minimum term is one hundred and eighty-nine (189) months.

Because the minimum term selected by the court was one hundred eighty-nine (189), petitioner argues that he may have been sentenced at the bottom of the aggravated range (thus violating Blakely according to petitioner) or the top of the presumptive range. As a matter of state law, this is entirely permissible. See State v. Allah, 168 N.C. App. 190, 197-98 (2005) (finding where sentence falls within high end of presumptive range, which overlaps with low end of aggravated range, the trial court may still impose a presumptive range sentence without findings in aggravation). Moreover, there is no clearly established federal law apply Blakely to require aggravating factors be found where a sentence falls within both the presumptive and aggravated ranges. Cf. Dammons v. Carroll, 340 F. Supp. 2d 628, 635-36 (W.D.N.C. 2004) (holding that overlapping presumptive and aggravating range was not ambiguous or unconstitutional), appeal dismissed, 123 F. App'x 582 (4th Cir. 2005) (unpublished), cert. denied, 546 U.S. 879 (2005).

Based upon the foregoing, petitioner's first claim is without merit. The decision of the MAR court rejecting petitioner's claim was not contrary to and did not involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

5

Case 5:10-hc-02169-FL   Document 11   Filed 02/15/11   Page 5 of 7

2. Post-Conviction Error

In his second claim, petitioner argues that the state post-conviction courts' refusal to consider his Blakely claim violated his rights pursuant to the Due Process Clause. A petitioner has no cognizable federal habeas claim for alleged deficiencies in state post-conviction proceedings. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Here, the sole basis for petitioner's claim is to attack the state post-conviction proceedings. Therefore, this claim is without merit.

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 5) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 15th day of February, 2011.

*[signature]*
LOUISE W. FLANAGAN
Chief United States District Judge

7